**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ELLA L. FILLA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOHN G. FILLA, JUDGE CHARLES H.W. BURCH, SCOTT SNIDER, PC, KIESHA MORRIS, LUCAS FANNING, RACHEL SCHMIDT, CALHOUN COUNTY SHERIFF'S OFFICE, and TRICIA MARGHERIO,**<br><br>**Defendants.** | **Case No. 3:26-CV-1172-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On September 8, 2026, Plaintiff Ella L. Filla filed a *pro se* civil rights Complaint against her estranged husband, a judge, a court clerk, several attorneys, and a sheriff's office in Calhoun County, Illinois, generally alleging that they are not following the law. (Doc. 2). Pending before the Court is Filla's Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) and Emergency Motion for Order of Protection (Doc. 3). For the following reasons, Filla's motions are denied, and her Complaint is dismissed without prejudice.

## A. Motion for Leave to Proceed Without Prepaying Fees or Costs

Normally, the fee for filing a complaint and opening a civil case is $405.00. However, a federal court may permit an indigent party to proceed *in forma pauperis*, that is, without prepayment of fees or costs. 28 U.S.C. § 1915(a)(1). To demonstrate indigence, an applicant must submit an affidavit asserting her inability to pay the fees, the nature of the action, and

her belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

The Court is not satisfied from Filla's affidavit that she is indigent. Filla reports, under penalty of perjury, that she is unemployed and receives no wages. (Doc. 4). However, she receives $1,600 per month in maintenance related to her divorce proceedings and $884 per month in Social Security benefits, for a total monthly income of $2,484. She has $20,000 in a checking or savings account, owns a home in Golden Eagle, Illinois, and owns two vehicles and a camper. Her monthly expenses, including payments related to her home, vehicles, transportation, utilities, and insurance total just over $2,000. Filla also supports a disabled adult daughter. Because it appears from Filla's affidavit that she has income and savings sufficient to pay the filing fee in this matter, her Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is denied.

**B. The Complaint and Emergency Motion for Order of Protection**

The Court will now review Filla's Emergency Motion for Order of Protection, which it construes as a Motion for Preliminary Injunction, and screen Filla's Complaint to determine whether she has stated a claim. "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). "This is so even when the plaintiff has paid all fees for filing and service." *Id.*; *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

In reviewing the Complaint, the Court accepts all well-pleaded factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The Complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

"A preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quotation omitted). To obtain a preliminary injunction, the plaintiff must first demonstrate (1) some likelihood of success on the merits, and (2) that she has "no adequate remedy at law" and will suffer "irreparable harm" if she does not receive preliminary relief. *Id.* at 544-45. If those factors are met, then the court considers (3) any irreparable harm to the non-moving party, balanced against the irreparable harm to the moving party if relief is denied, and (4) "the public interest, meaning the consequences of granting or denying the injunction to non-parties." *Id.* at 545

Filla's Complaint and Motion for Preliminary Injunction appear to relate to her ongoing divorce proceedings in Calhoun County, and possibly the guardianship action involving Filla's disabled adult daughter.[1] (Docs. 2, 3). As Defendants, she names her

[1] *See Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

husband, John G. Filla, Judge Charles H.W. Burch, Attorney Scott Snider, Attorney Rachel Schmidt, Clerk of Court Tricia Margherio, Former State's Attorney Kiesha Morris, State's Attorney Lucas Fanning, Attorney Ed Fanning, and the Calhoun County Sheriff's Department. (*Id.*). Filla alleges generally that these defendants are not following the law and the Constitution. (*Id.*). With regard to Kiesha Morris, specifically, she claims that Morris was the previous State's Attorney for Calhoun County, she knew the law, she knew Filla's daughter was legally disabled, and she knew Filla's son was attacked and spent weeks in the hospital after losing a testicle. (*Id.*). Yet, Morris charged Filla thousands of dollars. (*Id.*).

For her statement of claim, Filla refers to an attached "State of Illinois Request for Investigation of a Judge Form" written by her son, Justin Pohlman, and apparently submitted to the State of Illinois Judicial Inquiry Board. (Doc. 2, pp. 7-44). Within these documents is an Administrative Order dated August 4, 2026, and signed by Judge Burch finding that Pohlman had filed multiple frivolous pleadings and that, by continuing to file these documents, Pohlman was acting "in a manner calculated to abuse and unduly burden the Court system." (Doc. 2, p. 17). The Order barred Pohlman from filing any further pleadings or documents without leave of court. (*Id.*).

As relief, Filla seeks $2.5 million in compensatory damages, $2.5 million in punitive damages, and an order requiring Judge Burch to recuse himself from her divorce case, drop the "illegal admin. order" on her son, and "never preside over anything with my family ever again." (*Id.*). Filla further seeks the return of her firearms and the deed and title to her property, as well as a public statement in the local paper acknowledging the defendants "did not comply with the law when it comes to disabled people [and] victims of crimes!" (*Id.*).

Filla's Motion for Preliminary Injunction names both her husband and Judge Burch,

although the motion primarily addresses the actions of Judge Burch. (Doc. 3). The motion alleges that Judge Burch ignored her son's filings, told her son to stop filing frivolous cases, and warned her son to stop harassing the court or "he would regret it." (*Id.*). She also claims Judge Burch has ignored pleas for help with her disabled adult daughter, who attacked her son and caused thousands of dollars in property damage to her house. (*Id.*). Judge Burch is also forcing her to get an appraisal for her home, despite knowing about the property damage, so that it can be sold in the divorce proceedings. (*Id.*). She asks that Judge Burch be ordered to recuse "[from] this case immediately" and be required to "reverse his illegal order on Justin Pohlman." (*Id.*).

There are multiple issues with Filla's filings. First and foremost, she has not provided any basis for this Court's subject matter jurisdiction. Although Filla used the Court's form *pro se* Civil Rights Complaint, she has not alleged any claims arising under the Constitution, laws, or treaties of the United States such that this Court would have federal question jurisdiction under 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1983, a plaintiff may bring an action against a defendant who has deprived her of a federal constitutional right if the defendant was acting under color of state law. 28 U.S.C. § 1983. Here, Filla has not alleged that any of her constitutional rights were violated. In fact, it is unclear to the Court what legal claims Filla is asserting at all. While she claims the defendants are not following the law and the Constitution, she does not specify what laws they are breaking or how they are breaking them. Furthermore, although Filla attached her son's "Request for Investigation of a Judge," a plaintiff does not have standing to assert the rights of any person other than herself. *See Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999) ("a litigant must assert his own legal rights and cannot assert the legal rights of a third party"). Even if Filla could bring a claim on

behalf of her adult, non-disabled son, the judicial complaint does not appear to raise any constitutional claims.

Second, this Court can neither order Judge Burch to recuse himself from Filla's divorce proceedings nor overturn Judge Burch's Administrative Order barring Justin Pohlman from filing further documents in the Calhoun County court. Under certain doctrines, called abstention doctrines, a federal court must "decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *SKS & Assocs., Inc. v. Dart,* 619 F.3d 674, 677 (7th Cir. 2010). One such abstention doctrine, *Younger* abstention, "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *Id.; see also Younger v. Harris*, 401 U.S. 37 (1971). *Younger* is based on the principles of equity, comity, and federalism, including a respect for separate state governments. *Id.* Thus, even if Filla had raised a constitutional claim related to her ongoing state court proceedings, this Court could not interfere.

In sum, Filla has not stated a claim for relief, and this Court has no authority to order Judge Burch to do anything in Filla's divorce proceedings or with regard to the Administrative Order addressed to her son. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (a federal court has no jurisdiction to interfere with state court litigation or to order a state judicial officer to take action); *Fasullo v. Jud. Inquiry Bd.*, No. 25-CV-15263, 2026 WL 1329793, at *7 (N.D. Ill. May 13, 2026) ("Federal courts don't oversee state courts (except the Supreme Court itself), and can't compel different rulings or order the discipline of state court judges for making wrong decisions."); *Braswell v. Collins-Dennis*, No. 1:24-CV-00680-JPH-CSW, 2025 WL 934074, at *1 (S.D. Ind. Mar. 27, 2025) ("Federal courts cannot, as a general rule . . . use

our power to issue mandamus to a state judicial officer to control or interfere with state court litigation, thus exceeding our jurisdiction.") (quotation omitted). And because Filla has not demonstrated any likelihood of success on the merits of her request for relief, she is not entitled to any preliminary injunctive relief.

## Conclusion

For these reasons, Plaintiff Ella L. Filla's Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) and Emergency Motion for Order of Protection (Doc. 3), which the Court has construed as a Motion for Preliminary Injunction, are **DENIED**. Filla's Complaint (Doc. 2) is **DISMISSED without prejudice**.

Filla is **ORDERED** to pay the $405 filing fee on or before **November 30, 2026**. The Court will **GRANT** Filla leave to amend her complaint, to the extent she is able to do so. If Filla chooses to file an amended complaint, she should also do so on or before **November 30, 2026**. Failure to both pay the filing fee and file an amended complaint will result in the dismissal of this case with prejudice.

**IT IS SO ORDERED.**

**DATED: October 29, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**